{¶ 20} I respectfully dissent, because I disagree with the majority's interpretation of the letter sent by appellees to appellants regarding the requested variance. I agree with appellants' contention that they had until November 2003 to comply with the conditions set forth in the letter, and that therefore, appellees' filing of the complaint for injunctive relief was premature.
 {¶ 21} Based upon a plain reading of the letter in its entirety, I would find that it was the Board's intention to approve the variance, provided that appellants comply with the conditions within the three-year period commencing in November 2000. Furthermore, Board member Wagner's testimony, that appellants "could make other alterations to [their] land[,]" further substantiates such an interpretation of the letter.
 {¶ 22} In his decision that the court adopted, the magistrate noted that at the time of that decision, the three-year window had not expired. However, the magistrate proceeded to conclude that appellants were not in compliance with these conditions at that time. I disagree that the three-year window provided for in the letter is irrelevant. The letter does not specify that the conditions were to be complied with before the building was erected, but rather generally states that the "project" was to be completed in three years from the date of the letter.
 {¶ 23} Therefore, I would conclude that appellees had granted appellants variances subject to conditions with which appellants had until November 2003 to comply. I would find that the trial court erred in adopting the decision of the magistrate, which found appellants to be in violation of various zoning codes with respect to the garage construction and that appellants had failed to timely comply with the letter's conditions. I would sustain appellants' second assignment of error, and remand the case to the trial court. Furthermore, my disposition of appellants' second assignment of error would render their first assignment of error moot.